# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MIRSAD HAJRO,**<br><br>Plaintiff,<br><br>vs.<br><br>**EAST BAY MUNICIPAL UTILITY DISTRICT,**<br><br>Defendant. | Case No. 4:19-cv-03406-YGR<br><br>**ORDER GRANTING MOTION TO SET ASIDE DISMISSAL DUE TO MISTAKE, INADVERTENCE, OR EXCUSABLE NEGLECT PURSUANT TO FED. R. CIV. P. 60(B)(1)**<br><br>Re: Dkt. No. 18 |

Formerly *pro se* plaintiff Mirsad Hajro brought this action against his previous employer, defendant East Bay Municipal Utility District ("EBMUD"), for claims based on his wrongful termination. Specifically, Hajro brought the following claims related to his termination: (1) interference of his rights under the Family Medical Leave Act ("FMLA"); (2) retaliation; and (3) constructive termination in violation of public policy.

Hajro now moves to set aside the previously entered dismissal without prejudice under Federal Rule of Civil Procedure 60(b)(1) ("Rule 60(b)(1)") based on mistake, inadvertence, or excusable neglect. (Dkt. No. 18.) EBMUD opposes the motion. (Dkt. No. 20.) Based on the parties' briefing, and for the reasons as stated below, the Court **GRANTS** Hajro's motion to set aside the dismissal.

**I.  BACKGROUND**

The Court summarizes the background as relevant to the disposition of this motion. Thus:

On June 14, 2019, EBMUD removed this action from the Superior Court of Alameda to this Court on the basis of federal question jurisdiction. (Dkt. No. 1.) Shortly thereafter, on June 20, 2019, EBMUD filed a motion to dismiss the operative complaint. (Dkt. No. 6.) Hajro – proceeding *pro se* at this time – did not file a response within the fourteen (14) day period as generally permitted by the local rules.

On July 11, 2019, the Court issued an Order resetting Hajro's response deadline, and informed Hajro that a "[f]ailure to file a response by that date will result in dismissal of this lawsuit for failure to prosecute." (Dkt. No. 14 at 1.) Hajro again failed to file any response to this Order. EBMUD filed a reply on August 7, 2019, highlighting Hajro's failure to file a reply to the motion and the Court's order. (Dkt. No. 15.) Based on Hajro's failure to respond, the Court dismissed this case without prejudice on August 14, 2019 for Hajro's failure to prosecute. (Dkt. No. 16.)

On June 8, 2020, ten months after the dismissal of this action, Hajro's retained counsel entered this action (Dkt. No. 17), and thereafter filed the instant motion. (Dkt. No. 18.) The parties have fully briefed the motion. (Dkt. Nos. 20, 21.) Having preliminarily reviewed the briefing, the Court determined that the motion was appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78, and vacated the oral argument that was set for July 14, 2020. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 728-29 (9th Cir. 1991).

## II.   LEGAL STANDARD

A motion to set aside a dismissal under Rule 60(b)(1) enables courts to relieve a party from a final judgment due to mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Excusable neglect is an elastic standard, which considers: (1) whether granting the delay will prejudice the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay including whether it was within the reasonable control of the party who's duty it was to perform; and (4) whether the movant acted in good faith. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 385 (1993); *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (extending the 'excusable neglect' standard set forth in *Pioneer* and other authority to Rule 60(b)). For purposes of Rule 60(b), excusable neglect is understood to "encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer*, 507 U.S. at 394. Congress intended to empower the courts to accept late filings where the cause is inadvertence, mistake, carelessness, or intervening circumstances beyond the party's control. *Pioneer*, 507 U.S. at 388. Applied to

*pro se* litigants, Rule 60(b) does not generally excuse them from following court rules. *Briones*, 116 F.3d at 382. However, if the mistake or failure to respond is from a communication issue, and not from a failure to read and follow rules, a court is permitted to find their actions negligent, and therefore within the range of mistakes contemplated by Rule 60(b)(1). *Briones*, 116 F.3d at 382.

**III.   ANALYSIS**

Hajro avers that his failure to respond to the prior motion to dismiss and the Court's orders was due to several reasons: (1) Hajro unexpectedly relocated to Idaho to care for his ill child in the summer of 2019; (2) Hajro is unfamiliar with the United States legal system, as he is a Bosnian immigrant and English is his second language; and (3) Hajro mistakenly assumed that his case was proceeding in the Alameda County Superior because he continued receiving notices from the state court even after the removal of this action to this Court and a state court clerk informed him that his state court case continued despite that this case was over. Hajro states that, once he learned that this case for lack of prosecution, he retained counsel. The Court analyzes these arguments under the four factors articulated in *Pioneer* to determine whether the dismissal should be set aside under Rule 60(b)(1).

<u>Danger of Prejudice to Opposing Party</u>: In general, a danger of prejudice to the opposing party weighs against the granting of a motion brought under Rule 60(b). However, a party may overcome a presumption of prejudice where a plaintiff offers a non-frivolous explanation for failing to meet a filing deadline. *See Laurino v. Syringa Gen. Hosp.,* 279 F.3d 750, 753 (9th Cir. 2002) (stating "while a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute, [plaintiff's] affidavit provided a non-frivolous explanation").

Here, based on a review of the submitted briefing, the Court concludes that Hajro has provided several non-frivolous explanations for his failure to prosecute. Moreover, the Court finds that any danger of prejudice to EBMUD from the delay is minimal. Accordingly, this factor weighs in favor of granting the motion to set aside the dismissal.

<u>Length of Delay and its Impact on Proceedings</u>:  Here, the total delay in the matter – from the Court's dismissal of this case to the filing of the instant motion – is approximately ten months. While this is not an insignificant amount of time, the Court finds that this delay should have

minimal impact on the proceedings, where EBMUD had only just removed the action and briefing on the motion to dismiss was ongoing when the Court previously dismissed this action. Thus, this factor weighs in favor of granting the motion to set aside the dismissal.

<u>Reason for Delay, and Whether it Was Within the Control of the Moving Party</u>: Here, EBMUD avers that Hajro's failure to meet the filing deadline was within Hajro's reasonable control, especially where Hajro has had cases in federal court before this action and should have known of the court system's intricacies, and that he intentionally failed to notify the Court of his familial issues based on his child's illness.

EBMUD does not persuade. Hajro's prior federal court action related to immigration and citizenship actions where, significantly, he was represented by counsel. *See Hajro v.Gonzales, et al.*, 5:06-cv-07827 (N.D. Cal.); *Hajro v. USCIS, et al.*, 5:08-cv-01350 (N.D. Cal.); *Hajro v. Barrett, et al.*, 3:10-cv-01772 (N.D. Cal.). As a result, Hajro did not act on his own behalf in these cases, as he was represented by counsel and his unfamiliarity with the dual sovereign legal system of the United States is reasonable – especially in light of ongoing communications and assurances from the state court clerk that his state case was ongoing, and that he is a recent Bosnian immigrant with limited English language skills. *See Briones*, 116 F.3d at 382 (noting that so long as the actions are negligent and not an intentional ambivalence to court rules, the mistake is one contemplated by Rule 60(b)). The Court further finds that Hajro's failure to notify the Court of his updated residence was reasonable where he had to unexpectedly relocate to care for his ill child. Thus, this factor weighs in favor of granting the motion to set aside the dismissal.

<u>Whether the Movant Acted in Good Faith</u>: EBMUD avers that Hajro's failure to provide the Court with accurate contact information was willful and deliberate, and not in good faith, and that the overall delay demonstrates Hajro's lack of good faith.

EBMUD does not persuade. Here, Hajro's failure to provide the Court with accurate contact information was due, in part to a family emergency, and in other part, a miscommunication with the state court. Moreover, the record reflects that Hajro undertook quick actions when he discovered that this case had indeed been dismissed for lack of prosecution. After EBMUD informed Hajro that this case had been dismissed, Hajro hired counsel whom immediately reach

out to meet and confer regarding this case in April and May of 2020.  Courts have found similar miscommunications and efforts to be indicative of good faith of the litigants under Rule 60(b). *See Laurino,* 279 F.3d at 754; *Briones*, 116 F.3d at 382.  In sum, the record reflects that Hajro has acted in good faith through his candor, and is not willfully and deliberately impeding this court proceeding   Thus, this factor weighs in favor of granting the motion to set aside the dismissal.

<u>Weighing of Factors</u>: Having weighed the four factors above, the Court finds that these factors weigh *in favor* of the motion to set aside the dismissal.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to set aside the dismissal based on mistake, inadvertence, and excusable neglect based on Rule 60(b).  The dismissal of this case in the Order at Docket Number 16 is **HEREBY SET ASIDE**.

Furthermore, based on the disposition of this motion, the Court sets the following deadlines:

- Hajro may file another amended complaint on or before **September 16, 2020**; and
- EBMUD's response to the operative complaint will be filed on or before **September 30, 2020**.

This Order terminates Docket Number 18.

**IT IS SO ORDERED.**

Dated: September 2, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

5